**U.S. Department of Labor**

Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601



BRB No. 12-0468

**NOT PUBLISHED**

RONNIE W. ADAMS )
)
    Claimant-Petitioner )
)
    v. )
)
SERVICE EMPLOYEES ) DATE ISSUED: **MAR 2 6 2013**
INTERNATIONAL, INCORPORATED )
)
    and )
)
INSURANCE COMPANY OF THE STATE )
OF PENNSYLVANIA )
)
    Employer/Carrier- )
    Respondents ) DECISION and ORDER

Appeal of the Decision and Order on Remand Denying Claimant's Request for Modification of Kenneth A. Krantz, Administrative Law Judge, United States Department of Labor.

Ronnie W. Adams, Mount Croghan, South Carolina, *pro se.*

Grover E. Asmus (Asmus & Gaddy, LLC), Mobile, Alabama, for employer/carrier.

Before: SMITH, McGRANERY and BOGGS, Administrative Appeals Judges.

PER CURIAM:

Claimant, without the assistance of counsel, appeals the Decision and Order on Remand Denying Claimant's Request for Modification (2008-LDA-00323) of Administrative Law Judge Kenneth A. Krantz rendered on a claim filed pursuant to the provisions of the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. §901 *et seq.*, as extended by the Defense Base Act, 42 U.S.C. §1651 *et seq.* (the Act). In an appeal by a claimant without representation by counsel, the Board will review the administrative law judge's findings of fact and conclusions of law to determine if they are rational, supported by substantial evidence, and in accordance with

**EXHIBIT**

**A**

law.    If they are, they must be affirmed.  33 U.S.C. §921(b)(3); *O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc.*, 380 U.S. 359 (1965).

This case has been before the Board twice previously.  Only the pertinent facts and procedural history will be reiterated.    Claimant, who had been diagnosed with degenerative disc disease prior to working for employer, sustained neck and back injuries on October 26, 2005, when the truck he was driving was struck from behind by another motor vehicle in Iraq.  In his initial Decision and Order, the administrative law judge applied Section 20(a), 33 U.S.C. §920(a), to presume that claimant's post-December 2005 back and neck conditions are related to the work accident; he found that employer established rebuttal of the Section 20(a) presumption, and determined that, on the record as a whole, claimant's post-December 11, 2005, symptoms are not causally related to his employment with employer.    The administrative law judge found that claimant was unable to resume his usual employment duties with employer during the period that his symptoms were work-related and that employer did not establish the availability of suitable alternate employment during that time.  Accordingly, the administrative law judge awarded claimant temporary total disability benefits from October 27 through December 11, 2005, as well as medical benefits related to his cervical strain.  33 U.S.C. §§907, 908(b).

Claimant appealed the decision, BRB No. 09-0872, and the Board dismissed the appeal, remanding the case to the administrative law judge for modification proceedings.  On March 30, 2010, the administrative law judge denied claimant's request for modification, finding that claimant's new evidence did not warrant a finding that there was a mistake in fact in the initial evaluation of the medical evidence of record.  Claimant appealed this decision to the Board, BRB No. 10-0435, and the Board, in an Order dated April 29, 2010, reinstated claimant's prior appeal, BRB No. 09-0872, and consolidated claimant's two appeals for purposes of decision.  The Board affirmed the award of temporary total disability benefits and affirmed the denial of benefits subsequent to December 11, 2005.  Nevertheless, in light of two new exhibits submitted by claimant, the Board vacated the denial of claimant's request for modification and remanded the case for the administrative law judge to reconsider the request for modification.  *Adams v. Service Employees Int'l.*, BRB Nos. 09-0872, 10-0435 (Jan. 19, 2011).

On remand, the administrative law judge again denied modification, finding the newly submitted evidence to be unreasoned and adding no substantive content to the doctors' previous opinions.  Claimant, without the assistance of counsel, appeals this decision.  Employer responds, urging affirmance.

Section 22, 33 U.S.C. §922, provides the only means for changing otherwise final compensation orders.  Under Section 22, any party-in-interest, at any time within one year of the last payment of compensation or within one year of the rejection of a claim, may request modification because of a mistake in fact or change in condition.

*Metropolitan Stevedore Co. v. Rambo [Rambo I]*, 515 U.S. 291, 30 BRBS 1(CRT) (1995); 20 C.F.R. §702.373. The party requesting modification bears the burden of showing that the claim comes within the scope of Section 22. *See, e.g., Metropolitan Stevedore Co. v. Rambo [Rambo II]*, 521 U.S. 121, 31 BRBS 54(CRT) (1997); *R.V. [Vina] v. Friede Goldman Halter*, 43 BRBS 22 (2009); *Vasquez v. Continental Maritime of San Francisco, Inc.*, 23 BRBS 428 (1990).

Previously, in weighing the record as a whole, the administrative law judge credited the opinion of Dr. Richmond over the contrary opinions of Drs. Jaffe, Lehman and Goldberger, to conclude that claimant's October 26, 2005, work accident resulted in a cervical strain which did not cause claimant's current symptoms or exacerbate or aggravate claimant's pre-existing spinal pathology.[1]  The administrative law judge specifically found that Drs. Jaffe, Lehman, and Goldberger were not aware of claimant's pre-injury neck and back symptoms and that only Dr. Richmond's opinion took into consideration claimant's pre-accident symptoms and treatment. Decision and Order at 29.

In seeking modification of the administrative law judge's decision, claimant submitted two exhibits: a November 4, 2009, letter authored by Dr. Goldberger and a January 6, 2010, letter authored by Dr. Jaffe, wherein each physician opined, after reviewing claimant's pre-injury medical records, that claimant's present medical conditions are related to the work incident in Iraq.   On the first remand, the administrative law judge found that, although claimant provided his pre-injury medical history to Drs. Goldberger and Jaffe subsequent to the administrative law judge's initial decision, claimant's delay in providing the records did not warrant a finding that the administrative law judge's decision was based on a mistake in fact.

On second remand, the administrative law judge found the newly-submitted opinions of Drs. Goldberger and Jaffe to be unreasoned. Specifically, although Dr. Goldberger's letter stated that he reviewed "medical records and court decision," the administrative law judge found that it failed to specify which medical records Dr. Goldberger reviewed and failed to tie the records to his opinion that the work-related injury exacerbated an underlying condition. The administrative law judge found that Dr. Jaffe's letter "reflect[ed] at most an ambiguous conclusion that fails to affirmatively acknowledge the existence of a preexisting condition or a review of records." Decision and Order on Remand at 6. Thus, the administrative law judge found Dr. Jaffe's new letter "adds substantively no content to his original finding and is ambiguous, conclusory,

---

[1]Dr. Richmond opined that no objective evidence connected claimant's spinal pathology to his work accident.  EX 22B.  By contrast, Drs. Jaffe, Lehman, and Goldberger all attributed claimant's degenerative disc disease, in part, to the work accident. CXs 1, 20.

and devoid of explanation or reasoning." *Id.* at 7. As there was no new evidence with respect to the opinions of Drs. Lehman and Richmond, the administrative law judge adopted his previous findings regarding their opinions. Weighing all the evidence, the administrative law judge determined that the newly-submitted evidence did not add anything to the opinions of Drs. Goldberger and Jaffe and that Dr. Richmond's opinion remains the best reasoned and entitled to the greatest weight because Dr. Richmond considered claimant's pre-existing spinal pathology, explained his reasoning, and tied his conclusions to the materials he reviewed and to his examination of claimant. *Id.* at 6-7. Thus, the administrative law judge concluded that "neither the wholly new evidence, nor the cumulative evidence, nor reflection on the evidence initially submitted demonstrates a mistake of fact that would serve as a ground for modification." *Id.* at 7.

The administrative law judge has considerable discretion evaluating and weighing the evidence of record, including medical evidence. *Calbeck v. Strachan Shipping Co.*, 306 F.2d 693 (5th Cir. 1962), *cert. denied*, 372 U.S. 954 (1963); *Todd Shipyards Corp. v. Donovan*, 300 F.2d 741 (5th Cir. 1962); *John W. McGrath Corp. v. Hughes*, 289 F.2d 403 (2d Cir. 1961). Because substantial evidence supports the administrative law judge's finding that Drs. Goldberger and Jaffe did not tie their opinions to any underlying evidence, he rationally determined that their new opinions did not add anything to their previous opinions and gave them less weight than that of Dr. Richmond. Consequently, we affirm the administrative law judge's finding that the new evidence weighed by itself, or in conjunction with the old evidence, does not establish a mistake in fact in the original decision. *Manente v. Sea-Land Serv., Inc.*, 39 BRBS 1 (2004). We, therefore, affirm the denial of claimant's petition for modification and of additional benefits.

4

Accordingly, the administrative law judge's Decision and Order on Remand Denying Claimant's Request for Modification is affirmed.

SO ORDERED.

_____
ROY P. SMITH
Administrative Appeals Judge

_____
REGINA C. McGRANERY
Administrative Appeals Judge

_____
JUDITH S. BOGGS
Administrative Appeals Judge

5

2012-0468-LDA Mr. Ronnie W. Adams v. Service Employees International, Inc.,, Insurance Company Of The State Of Pennsylvania C/O Aig World Source,   (Case No. 08-LDA-0323) (OWCP No. 020144926)

I certify that the parties below were served this day.

MAR 2 6 2013

(DATE)

Thomas O. Shepherd, Jr., Esq.
Clerk of the Appellate Boards

Rae Ellen James, Associate Solicitor
U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite N-2117, NDOL
Washington, DC 20210
    --Certified

Mr. Grover E. Asmus, Esq.
Asmus & Gaddy, LLC
104 Saint Francis Street
Suite 604
Mobile, AL 36602
    --Certified

Mr. Ronnie W. Adams
P.O. Box 38
Mount Croghan, SC 29727
    --Certified

Yelena Zaslavskaya, Esq.
Office of Administrative Law Judges
Techworld Plaza
800 K Street NW
Suite 400
Washington, DC 20210

Charles D. Lee
U.S. Department of Labor
ESA/OWCP/DLHWC
400 West Bay Street
Suite 63A, Box 28
Jacksonville, FL 32202

Hon. Kenneth Krantz
Office of Administrative Law Judges
11870 Merchants Walk-Suite 204
Newport News, VA 23606

P 3/4

Case No.: 2008-LDA00323

Date: 05/23/2013

Ref: Ronnie W. Adams

BRB No: 2012-0468
OWOPNo: 02-144926

To Whom It May Concern:


I would like to appeal the decision made on my case on April 24, 2013. I have been hospitalized and would like to apologize for this last minute request.



Thanking you in advance,

*Ronnie W. Adams*

Ronnie W. Adams

**EXHIBIT
B**



Ronnie W. Adams
PO Box 38
Mt. Croghan, SC 29727

Clerk of The Benefits Review Board
PO Box 37601
Washington, DC 20013

**U.S. Department of Labor**

Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601



August 30, 2013

ERRATA

TO ALL PARTIES OF THE RECORD IN:

Re: *Ronnie W. Adams v. Service Employees International, Inc.*
(Case No. 08-LDA-0323)(BRB No. 12-468)

On August 28, 2013, the Board issued a letter in the above captioned case. The Board's letter inadvertently was not dated. Please substitute the attached letter for the August 28, 2013, letter.

By Order of the Board:

Thomas O. Shepherd, Jr.
Clerk of the Board

**EXHIBIT
C**

**U.S. Department of Labor**

Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601



AUG 2 8 2013

Patricia S. Connor, Clerk
U.S. Court of Appeals
 for the Fourth Circuit
1100 East Main Street, Rm. 501
Richmond, VA 23219

  Re: *Ronnie W. Adams v. Service Employees International, Inc.*
   (Case No. 08-LDA-0323)(BRB No. 12-468)

Dear Ms. Connor:

The Board has received claimant's letter dated May 23, 2013, requesting reconsideration of the Board's March 26, 2013 Decision and Order.

This letter appears to be claimant's attempt to seek additional review of his claim. The Board is forwarding claimant's letter dated May 23, 2013 to you for your consideration.

Sincerely,

Thomas O. Shepherd, Jr.
Clerk of the Board

cc: Ronnie W. Adams
  Grover E. Asmus, Esq.
  Rae Ellen James, Esq.
  Charles D. Lee
  Honorable Kenneth Krantz

## CERTIFICATE OF SERVICE

2012-0468-LDA Mr. Ronnie W. Adams v. Service Employees International, Inc.,, Insurance Company Of The State Of Pennsylvania C/O Aig World Source, (Case No. 08-LDA-0323) (OWCP No. 020144926)

I certify that the parties below were served this day.

**AUG 2 8 2013**

(DATE)

Thomas O. Shepherd, Jr., Esq.
Clerk of the Appellate Boards

Rae Ellen James, Associate Solicitor
U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite N-2117, NDOL
Washington, DC 20210


Charles D. Lee
U.S. Department of Labor
ESA/OWCP/DLHWC
400 West Bay Street
Suite 63A, Box 28
Jacksonville, FL 32202


Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Room 501
Richmond, VA 23219


Mr. Grover E. Asmus, Esq.
Asmus & Gaddy, LLC
104 Saint Francis Street
Suite 604
Mobile, AL 36602


Mr. Ronnie W. Adams
P.O. Box 38
Mount Croghan, SC 29727
*--Certified*

**U.S. Department of Labor**     Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601



Patricia S. Connor, Clerk
U.S. Court of Appeals
 for the Fourth Circuit
1100 East Main Street, Rm. 501
Richmond, VA  23219

   Re: *Ronnie W. Adams v. Service Employees International, Inc.*
    (Case No. 08-LDA-0323)(BRB No. 12-468)

Dear Ms. Connor:

The Board has received claimant's letter dated May 23, 2013, requesting
reconsideration of the Board's March 26, 2013 Decision and Order.

This letter appears to be claimant's attempt to seek additional review of his claim.
The Board is forwarding claimant's letter dated May 23, 2013 to you for your
consideration.

Sincerely,

Thomas O. Shepherd, Jr.
Clerk of the Board

cc: Ronnie W. Adams
  Grover E. Asmus, Esq.
  Rae Ellen James, Esq.
  Charles D. Lee
  Honorable Kenneth Krantz

## CERTIFICATE OF SERVICE

2012-0468-LDA Mr. Ronnie W. Adams v. Service Employees International, Inc.,, Insurance Company Of The State Of Pennsylvania C/O Aig World Source,   (Case No. 08-LDA-0323) (OWCP No. 020144926)

I certify that the parties below were served this day.

_____
(DATE)

_____
Thomas O. Shepherd, Jr., Esq.
Clerk of the Appellate Boards

Rae Ellen James, Associate Solicitor
U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite N-2117, NDOL
Washington, DC 20210


Charles D. Lee
U.S. Department of Labor
ESA/OWCP/DLHWC
400 West Bay Street
Suite 63A, Box 28
Jacksonville, FL 32202


Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Room 501
Richmond, VA   23219


Mr. Grover E. Asmus, Esq.
Asmus & Gaddy, LLC
104 Saint Francis Street
Suite 604
Mobile, AL 36602


Mr. Ronnie W. Adams
P.O. Box 38
Mount Croghan, SC 29727
       --Certified

Filed:  September 9, 2013

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

---

### INFORMAL BRIEFING ORDER
### AGENCY CASES

---

No.  13-2107,    Ronnie Adams v. Service Employees Intl.
             12-0468


This case has been placed on the court's docket under the above-referenced number, which should be used on papers subsequently filed in this court. The case shall proceed on an informal briefing schedule pursuant to Local Rule 34(b). The Informal Brief Form is attached. Informal briefs shall be served and filed within the time provided in the following schedule. Only the original informal brief is required; no copies need be filed unless requested by the court.

Record due from agency: 10/21/2013

Informal opening brief due: 10/03/2013

Informal response brief permitted within 17 days of filing of informal opening brief

Informal reply brief permitted within 13 days of filing of informal response brief, if any.

If the informal opening brief is not served and filed within the scheduled time, the case will be subject to dismissal pursuant to Local Rule 45 for failure to prosecute. Extensions of briefing deadlines are not favored by the court and are granted only for good cause stated in writing.

The court will not consider issues that are not specifically raised in the informal opening brief.

The record is filed in the Court of Appeals in informally briefed cases; no appendix

**EXHIBIT
D**

is required. Any party wishing to review the record in the clerk's office must make advance arrangements to do so.

The court will not appoint counsel or schedule a case for oral argument unless it concludes, after having reviewed the informal opening brief, that the case cannot be decided on the basis of the informal briefs and the record.

Counsel filing an informal brief must complete and file an **Appearance of Counsel** form with the informal brief.

Parties in civil appeals **must file a Disclosure of Corporate Affiliations** within **14 days** of the informal briefing order, except that a disclosure statement is **not** required from the United States, from indigent parties, or from state or local governments in pro se cases.

Parties are responsible for ensuring that social security numbers, juvenile names, dates of birth, and financial account numbers are redacted from any documents filed with the court and that any sealed materials are filed in accordance with the enclosed **Memorandum on Sealed and Confidential Materials**. Attorneys are required to file electronically in the Fourth Circuit. Information on obtaining an electronic filer account is available at **www.ca4.uscourts.gov**.

/s/ PATRICIA S. CONNOR, CLERK
By: Joy Hargett Moore, Deputy Clerk

Copies:     Ronnie W. Adams
            P. O. Box 38
            Mount Croghan, SC 29727

            Grover E. Asmus
            ASMUS & GADDY, LLC
            104 Saint Francis Street
            Suite 604
            Mobile, AL 36602

            Betty English
            OFFICE OF THE SOLICITOR GENERAL
            Department of Labor
            200 Constitution Avenue, NW
            Suite N-2114
            Washington, DC 20210-0000

            Ms. Rae Ellen James

UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
Frances Perkins Building
200 Constitution Avenue, NW
Suite N-2117, NDOL
Washington, DC 20210-0000

Thomas O. Shepherd Jr.
BENEFITS REVIEW BOARD
200 Constitution Avenue, NW
S-5220
Washington, DC 20210

**U.S. Department of Labor**

Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601

BRB Nos. 09-0872
and 10-0435



# NOT-PUBLISHED

RONNIE W. ADAMS                              )
                                            )
    Claimant-Petitioner            )
                                            )
    v.                             )
                                            )                         **JAN 1 9 2011**
SERVICE EMPLOYEES                           )     DATE ISSUED: _____
INTERNATIONAL                               )
                                            )
    and                            )
                                            )
INSURANCE COMPANY OF THE                    )
STATE OF PENNSYLVANIA                       )
                                            )
    Employer/Carrier-              )
    Respondents                    )     DECISION and ORDER

Appeals of the Decision and Order and the Order Denying Claimant's Request for Modification of Kenneth A. Krantz, Administrative Law Judge. United States Department of Labor.

Ronnie W. Adams, Mount Croghan, South Carolina, *pro se.*

Grover E. Asmus (Asmus & Gaddy, LLC), Mobile, Alabama, for employer/carrier.

Before: DOLDER, Chief Administrative Appeals Judge, SMITH and HALL, Administrative Appeals Judges.

PER CURIAM:

Claimant, without the assistance of counsel, appeals the Decision and Order and the Order Denying Claimant's Request for Modification (2008-LDA-00323) of Administrative Law Judge Kenneth A. Krantz rendered on a claim filed pursuant to the provisions of the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. §901 *et seq.*, as extended by the Defense Base Act, 42 U.S.C. §1651 *et seq.* (the Act). In an appeal by a claimant without representation by counsel, the Board will review the administrative law judge's findings of fact and conclusions of law to

**EXHIBIT**
**E**

determine if they are rational, supported by substantial evidence, and in accordance with law. If they are, they must be affirmed. *O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc.*, 380 U.S. 359 (1965); 33 U.S.C. §921(b)(3).

In December 2004, claimant, who had previously been diagnosed with degenerative disc disease, commenced employment for employer as a truck driver in Iraq. On October 26, 2005, the truck which claimant was driving was struck from behind by another motor vehicle. Claimant experienced neck pain and thereafter received treatment from military and employer's paramedics at a nearby military hospital for three or four days. Upon returning to his basecamp, claimant underwent therapy. When his condition did not improve, he was returned to the United States on November 12, 2005. Claimant sought medical treatment for neck and back pain, as well as numbness in his left leg and arm; he subsequently treated with several physicians and has received epidural steroid injections, undergone surgeries on his lower back and cervical spine, and been prescribed medication, including narcotics, for his ongoing back and neck pain.

In his Decision and Order, the administrative law judge applied Section 20(a), 33 U.S.C. §920(a), to presume that claimant's post-December 2005 back and neck conditions are related to the work accident, found that employer established rebuttal of the Section 20(a) presumption, and determined that, on the record as a whole, claimant's post-December 11, 2005, symptoms are not causally related to his employment with employer. The administrative law judge found that claimant was unable to resume his usual employment duties with employer during the period that his symptoms were work-related, and that employer did not establish the availability of suitable alternate employment during that time. The administrative law judge calculated claimant's average weekly wage as $1,850.22, based solely on the wages he earned while deployed in Iraq. Accordingly, the administrative law judge awarded claimant temporary total disability benefits from October 27 through December 11, 2005, at a rate of $1,073.64 per week, as well as medical benefits related to his cervical strain. 33 U.S.C. §§908(b), 907.

Claimant, without the assistance of counsel, appealed this decision to the Board. BRB No. 09-0872. In an Order dated February 26, 2010, the Board dismissed this appeal and remanded the case to the administrative law judge for modification proceedings. On March 30, 2010, the administrative law judge denied claimant's request for modification, finding that claimant's new evidence did not warrant a finding that there was a mistake in fact in the initial evaluation of the medical evidence of record. Claimant appealed this decision to the Board, BRB No. 10-0435, and the Board, in an Order dated April 29, 2010, reinstated claimant's prior appeal, BRB No. 09-0872, and consolidated claimant's two appeals for purposes of decision.

2

We first address the findings in the administrative law judge's first decision that are adverse to claimant.[1] In his initial Decision and Order, the administrative law judge properly invoked the Section 20(a) presumption based on findings that claimant suffered a harm, specifically neck pain, lower back pain, and numbness in his left leg and arm, and a work incident, specifically claimant's October 26, 2005, motor vehicle accident, which could have caused or aggravated those conditions. *See U.S. Industries/Federal Sheet Metal, Inc. v. Director, OWCP*, 455 U.S. 608, 14 BRBS 631 (1982); *Bolden v. G.A.T.X. Terminals Corp.*, 30 BRBS 71 (1996). The burden then shifts to employer to rebut the presumed causal connection with substantial evidence that claimant's injury was not caused or aggravated by his employment accident. *See Brown v. Jacksonville Shipyards, Inc.*, 893 F.2d 294, 23 BRBS 22(CRT) (11th Cir. 1990);[2] *Jones v. Aluminum Co. of America*, 35 BRBS 37 (2001); *O'Kelley v. Dep't of the Army/NAF*, 34 BRBS 39 (2000). Where aggravation of a pre-existing condition is at issue, employer must submit substantial evidence that the work accident did not aggravate the pre-existing condition. *See, e.g., Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 43 BRBS 67(CRT) (4th Cir. 2009). If the administrative law judge finds that the Section 20(a) presumption is rebutted, he must weigh all of the relevant evidence and resolve the causation issue based on the record as a whole, with claimant bearing the burden of persuasion. *See Universal Maritime Corp. v. Moore*, 126 F.3d 256, 31 BRBS 119(CRT) (4th Cir. 1997); *see also Director, OWCP v. Greenwich Collieries*, 512 U.S. 267, 28 BRBS 43(CRT) (1994).

The administrative law judge found that employer established rebuttal of the Section 20(a) presumption based on the reports of Dr. Richmond. The administrative law judge found that Dr. Richmond opined that claimant's October 26, 2005, motor vehicle accident neither caused claimant's spinal symptoms nor exacerbated claimant's pre-existing spinal condition, and that while this incident may have caused a muscle strain, such a strain would have resolved within several weeks or months of the incident. Decision and Order at 28 – 30. As this opinion constitutes substantial evidence of the

---

[1] We note that the administrative law judge's calculation of claimant's average weekly wage pursuant to Section 10(c), 33 U.S.C. §910(c), is supported by substantial evidence and accords with law. *K.S. [Simons] v. Serv. Employees Int'l, Inc.*, 43 BRBS 18, *recon. denied*, 43 BRBS 136 (2009) (*en banc*); *Proffitt v. Serv. Employers Int'l, Inc.*, 40 BRBS 41 (2006).

[2] Pursuant to 20 C.F.R. §704.101, this claim was filed in OWCP District 2 in New York. The case was then transferred to OWCP District 6 in Jacksonville, Florida. As the Jacksonville district director filed and served the administrative law judge's decisions, Eleventh Circuit law applies in this case. 42 U.S.C. §1651(b); *Service Employees Int'l, Inc. v. Director, OWCP*, 595 F.3d 447, 44 BRBS 1(CRT) (2[d] Cir. 2010); *Pearce v. Director, OWCP*, 603 F.2d 763, 10 BRBS 867 (9th Cir. 1979).

3

absence of a causal link between claimant's current complaints of pain and his employment with employer, we affirm the administrative law judge's finding that the Section 20(a) presumption is rebutted. *See Sistrunk v. Ingalls Shipbuilding, Inc.,* 35 BRBS 171 (2001); *O'Kelley,* 34 BRBS 39.

The administrative law judge next weighed the relevant evidence in the record and, relying upon the opinion of Dr. Richmond over the contrary opinions of Drs. Jaffe, Lehman and Goldberger, concluded that claimant's October 26, 2005, motor vehicle accident resulted in a cervical strain which did not cause claimant's current symptoms or exacerbate or aggravate claimant's pre-existing spinal pathology. In rendering this finding, the administrative law judge specifically found that Drs. Jaffe, Lehman, and Goldberger were not aware of claimant's pre-injury neck and back symptoms, and that, consequently, only Dr. Richmond offered an opinion that took into consideration claimant's pre-accident symptoms and treatment. Decision and Order at 29. Dr. Richmond, a Board-certified orthopedic surgeon, opined that while claimant's work accident may have caused a temporary onset of muscular low back and neck pain, his examination of claimant and his review of claimant's medical records revealed no evidence that the accident caused claimant's present condition or worsened claimant's pre-existing spinal pathology.[3] In contrast, Drs. Jaffe,[4] Goldberger,[5] and Lehman[6] each

---

[3] Following his review of claimant's medical records, including claimant's pre- and post-injury MRI results, Dr. Richmond prepared a peer review report dated November 8, 2008. EX 22A. On January 16, 2009, following his medical examination of claimant, Dr. Richmond authored a second report in which he reiterated his prior opinion that no objective evidence connected claimant's spinal pathology to his October 26, 2005, motor vehicle accident. EX 22B.

[4] Dr. Jaffe first evaluated claimant on December 12, 2005, diagnosed claimant with, *inter alia,* a degenerative bulging disc at L4-5 and degenerative disc disease at C5-6 and C6-7, administered trigger point injections to claimant's neck, and prescribed physical therapy and rehabilitation. CX 1 at 21-22. Dr. Jaffe performed a lumbar discectomy on September 26, 2006, and a cervical disc decompression on December 1, 2006.

[5] Dr. Goldberger initially examined claimant on January 25, 2006, diagnosed claimant with, *inter alia,* cervical and lumbar degenerative disc disease, and gave claimant a cervical epidural injection. Dr. Goldberger subsequently administered trigger point injections, a left occipital nerve block, and, on September 28, 2006, he performed a lumbar discogram. CX 1 at 35, 39, 60-62, 72, 81-82.

[6] Dr. Lehman examined claimant on May 22, 2006, and opined that while claimant's cervical and lumbar disc abnormalities pre-dated his work-injury, claimant's complaints of ongoing pain are related to the work incident. CX 1 at 67.

4

diagnosed claimant with underlying cervical and lumbar degenerative disc disease, treated claimant for his ongoing complaints of pain, and opined that claimant's symptoms were related to his work injury. It is well-established that an administrative law judge is entitled to weigh the medical evidence and draw his own inferences therefrom. *See Todd Shipyards Corp. v. Donovan*, 300 F.2d 741 (5th Cir. 1962). The administrative law judge provided a rational reason for crediting Dr. Richmond's opinion, and this credited evidence is substantial and sufficient to establish that claimant's condition is not due to, nor was his pre-existing degenerative disc disease aggravated by, his work-related motor vehicle accident. Thus, we affirm the administrative law judge's determination that claimant's October 26, 2005, work incident resulted in only a temporary cervical strain.

The administrative law judge next addressed the extent of claimant's disability due to the work-related cervical strain. The administrative law judge found that claimant was restricted from driving immediately following the incident and therefore was temporarily totally disabled. In finding that claimant's work-related disability ended on December 12, 2005, the administrative law judge relied on the opinion of Dr. Richmond and the diagnosis of claimant's condition on December 12, 2005 by Dr. Jaffe.

We affirm the administrative law judge's decision as he rationally weighed the medical evidence and concluded that claimant's cervical strain resolved as of December 12, 2005. As the administrative law judge found in his discussion of the causation issue in this case, Dr. Richmond opined that while claimant's motor vehicle accident could have caused a cervical strain or whiplash, such a condition would have been temporary in nature and would have resolved within weeks to months of the October 2005 accident. EX 22A at 3-4; EX 22B at 3-4. Dr. Richmond also stated that claimant had no work restrictions due to the work injury. On December 12, 2005, Dr. Jaffe evaluated claimant and, while noting claimant's complaints of, *inter alia*, neck pain, diagnosed claimant as having cervical degenerative disc disease at C5-6 and C6-7. CX 1 at 20-22. As Dr. Jaffe's December 12, 2005, report makes no mention of claimant's having a cervical strain or whiplash at the time of his evaluation on that date, this evidence also supports the administrative law judge's finding that claimant's work-related cervical strain resolved as of December 12, 2005. Therefore, as the administrative law judge's finding is supported by substantial evidence, we affirm the denial of disability benefits to claimant subsequent to that date.[7] *See generally Calbeck v. Strachan Shipping Co.*, 306 F.2d 693 (5th Cir. 1962); *Donovan*, 300 F.2d 741.

---

[7] In light of our affirmance of the administrative law judge's determination that claimant's work injury resulted in only a temporary cervical strain, we affirm his finding that employer is liable for only those medical expenses related to that condition. *See* 33 U.S.C. §907(a); *Ezell v. Direct Labor, Inc.*, 37 BRBS 11 (2003); *Anderson v. Todd Shipyards Corp.*, 22 BRBS 20 (1989); 20 C.F.R. §702.402.

We next address the administrative law judge's denial of claimant's petition for modification. In seeking modification of the administrative law judge's decision, claimant submitted two exhibits: a November 4, 2009, report authored by Dr. Goldberger and a January 6, 2010, report authored by Dr. Jaffe, wherein each physician opined, after reviewing claimant's pre-injury medical records, that claimant's present medical conditions are related to the work incident in Iraq. In his March 30, 2010, order addressing claimant's request for modification, the administrative law judge, citing *McCord v. Cephas,* 532 F.2d 1377, 3 BRBS 371 (D.C. Cir. 1976), and *Kinlaw v. Stevens Shipping & Terminal Co.,* 33 BRBS 68 (1999), *aff'd mem.,* 238 F.3d 414 (4ᵗʰ Cir. 2000)(table), found that while claimant provided his pre-injury medical history to Drs. Goldberger and Jaffe following the administrative law judge's initial decision, their resulting opinions did not change, and that the delay by claimant in providing his records to those physicians did not warrant a finding that the administrative law judge's decision was based on a mistake in fact. Consequently, the administrative law judge denied claimant's request for modification. Order at 3.

Section 22 of the Act, 33 U.S.C. §922, provides the only means for changing otherwise final decisions; modification pursuant to this section is permitted based upon a mistake of fact in the initial decision or a change in claimant's physical or economic condition. *Metropolitan Stevedore Co. v. Rambo [Rambo I]*, 515 U.S. 291, 30 BRBS 1(CRT) (1995). The party requesting modification bears the burden of showing that the claim comes within the scope of Section 22. *See, e.g., Metropolitan Stevedore Co. v. Rambo [Rambo II]*, 521 U.S. 121, 31 BRBS 54(CRT) (1997); *Del Monte Fresh Produce v. Director, OWCP*, 563 F.3d 1216, 43 BRBS 21(CRT) (11ᵗʰ Cir. 2009); *Vasquez v. Continental Maritime of San Francisco, Inc.*, 23 BRBS 428 (1990). The United States Supreme Court has stated that under Section 22, the administrative law judge has broad discretion to correct mistakes of fact "whether demonstrated by wholly new evidence, cumulative evidence, or merely further reflection on the evidence submitted." *O'Keeffe v. Aerojet-General Shipyards, Inc.*, 404 U.S. 254, 256 (1971); *see also Banks v. Chicago Grain Trimmers Ass'n, Inc.*, 390 U.S. 459 (1968); *Old Ben Coal Co. v. Director, OWCP*, 292 F.3d 533, 36 BRBS 35(CRT) (7ᵗʰ Cir. 2002); *Betty B. Coal Co. v. Director, OWCP*, 194 F.3d 491 (4ᵗʰ Cir. 1999). In order to obtain modification for a mistake of fact, the modification must render justice under the Act, and case precedent post-dating *McCord* and *Kinlaw* emphasizes the Act's preference for accuracy over finality. *See, e.g., Jensen v. Weeks Marine, Inc.*, 346 F.3d 273, 37 BRBS 99(CRT) (2ᵈ Cir. 2003); *Old Ben Coal Co.*, 292 F.3d 533, 36 BRBS 35(CRT); *R.V. [Vina] v. Friede Goldman Halter*, 43 BRBS 22 (2009).

In this case, the administrative law judge erred in denying claimant's request for modification based solely upon his finding that claimant's delay in providing his pre-injury medical history to Drs. Goldberger and Jaffe did not warrant a finding that the administrative law judge's crediting of Dr. Richmond was mistaken. In seeking benefits under the Act for his October 26, 2005, work injury, claimant alleged that his continuing

back and neck symptoms are causally related to his motor vehicle accident in Iraq. In his initial decision, the administrative law judge found Drs. Goldberger and Jaffe's lack of awareness of claimant's pre-existing degenerative neck and back conditions to be significant in his determination to give greater weight to Dr. Richmond's opinion that those conditions had not been exacerbated by claimant's October 26, 2005, motor vehicle accident. *See* Decision and Order at 29. The evidence presented by claimant in support of his request for modification purports to address the predominate reason given by the administrative law judge to accord the opinions of Drs. Goldberger and Jaffe less weight in his initial decision. If the administrative law judge were to credit their opinions on modification, this would demonstrate a mistake in fact in his decision. *See Vina*, 43 BRBS 22. As modification proceedings under the Act provide claimant with an opportunity to present new evidence and correct mistakes of fact, regardless of whether the evidence was available prior to the initial hearing, we vacate the administrative law judge's denial of claimant's request for modification. *See G.K. [Kunihiro] v. Matson Terminals, Inc.* 42 BRBS 15 (2008). We remand this case for the administrative law judge's to address claimant's new evidence on the merits and to determine if it establishes a mistake in fact in the initial decision.

Accordingly, the administrative law judge's Decision and Order is affirmed. BRB No. 09-0872. The administrative law judge's Order Denying Claimant's Request for Modification is vacated, and the case is remanded for reconsideration consistent with this opinion. BRB No. 10-0435.

SO ORDERED.


NANCY S. DOLDER, Chief
Administrative Appeals Judge


ROY P. SMITH
Administrative Appeals Judge


BETTY JEAN HALL
Administrative Appeals Judge


7

## CERTIFICATE OF SERVICE

09-0872      Ronnie W. Adams v. Service Employees International, Insurance Company of
the State of Pennsylvania c/o AIG World Source, Director, Office of Workers'
Compensation Programs (Case No. 08-LDA-00323) (OWCP No. 02-0144926)

10-0435      Ronnie W. Adams v. Service Employees International, Insurance Company of
the State of Pennsylvania c/o AIG World Source (Case No. 08-LDA-0323)
(OWCP No. 02-0144926)

I certify that the parties below were served this day.

**JAN 1 9 2011**                        *Thomas O. Shepherd* SM
_____                    _____
(DATE)                             Thomas O. Shepherd, Jr.
                                   Clerk of the Board

Ronnie W. Adams                          Grover E. Asmus, Esq.
1270 Hwy. 109                            Asmus & Gaddy, LLC
P.O. Box 38                              104 Saint Francis Street
MOUNT CROGHAN, SC 29727                  Suite 604
            --*Certified*                P.O. Box 553
                                         MOBILE, AL 36602
                                                     --*Certified*

Rae Ellen James, Esq.                    Mr. Richard V. Robilotti
Associate Solicitor                      District Director
U.S. Department of Labor                 U.S. Department of Labor
200 Constitution Avenue, N.W.            ESA/OWCP/DLHWC
Suite N-2117, NDOL                       201 Varick Street
WASHINGTON, DC 20210                     Room 740
            --*Certified*                NEW YORK, NY 10014

Judge Kenneth Krantz                     Rae Ellen James, Esq.
Office of Administrative Law Judges      Associate Solicitor
11870 Merchants Walk-Suite 204           U.S. Department of Labor
NEWPORT NEWS, VA 23606                   200 Constitution Avenue, N.W.
                                         Suite N-2117, NDOL
                                         WASHINGTON, DC 20210
                                                     --*Certified*